**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.**

**ADRIAN GONZALEZ**,

      Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS INC**,
**EQUIFAX INFORMATION SERVICES LLC**,
**TRANS UNION LLC**,

      Defendants.

_____/

## COMPLAINT

Adrian Gonzalez ("Plaintiff") sues Experian Information Solutions Inc ("Experian"), Equifax Information Services LLC ("Equifax"), and Trans Union LLC ("Trans Union") (collectively, the "Defendants") for violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, the Defendants transact business here, and the complained conduct of Defendants occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Experian is an Ohio corporation with its principal place of business located in Costa Mesa, California.

5.  Equifax is a Georgia limited liability company with its principal place of business located in Atlanta, Georgia.

6.  Trans is a Delaware limited liability company with its principal place of business located in Chicago, Illinois.

**DEMAND FOR JURY TRIAL**

7.  Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**ALLEGATIONS**

8.  This action relates to false, incomplete, and inaccurate information on Plaintiff's credit reports that the Defendants allowed to persist despite their obligations under the FCRA.

9.  Plaintiff is the victim of identity theft.

10.  On October 05, 2024, Plaintiff prepared and executed an Identity Theft Report with the Federal Trade Commission ("Plaintiff's ITR" or "ITR"). The Report Number assigned to the ITR is 178388271.

11.  In the ITR, Plaintiff identified accounts and/or information that were the product of fraud and/or identity theft, namely, nine (9) accounts with Synchrony Bank, four (4) accounts with Affirm, three (3) accounts with Capital One, three (3) accounts with American Express, two (2) accounts with Regions Bank, two (2) accounts with CitiBank, an account with Discover, an account with Goldman Sachs, two (2) accounts with WebBank, an account with OneMain, an account with Sunrise Banks, an account with TD Bank, and an account with Credit One.

12.  On December 13, 2024, Plaintiff filed a police report with the North Miami Police Department in light of the fraud and identity theft Plaintiff was enduring, whereby said report was assigned 2024-00051486 as a case number (the "Police Report").

*EXPERIAN*

13.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

14.     Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

15.     Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

16.     On October 17, 2024, Plaintiff sent a written dispute to Experian regarding inaccurate and incomplete information listed on Plaintiff's credit report. In support of the dispute and its authenticity, Plaintiff included a copy of the ITR, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a utility bill.

17.     Experian received Plaintiff's October 17, 2024 dispute and failed to timely conduct a reasonable investigation into the information disputed by Plaintiff, thereby allowing inaccurate and incomplete to persist on Plaintiff's credit report. As a result of Experian's failure to correct and/or otherwise remove the information disputed, Experian proceeded to disclose inaccurate and incomplete information to third-parties seeking information about or regarding Plaintiff's creditworthiness, whereby the inaccurate and incomplete information disclosed by Experian impacted the decision making of said third parties to the detriment of Plaintiff.

18.     On February 19, 2925, Plaintiff send a written dispute to Experian regarding inaccurate and incomplete information listed on Plaintiff's credit report. In support of the dispute and its authenticity, Plaintiff included a copy of the ITR, a copy of the Police Report, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a utility bill. In addition to the information listed on the ITR and Police Report, Plaintiff further disputed an Amsher

Collection account, a Portfolio Recovery account, two Consumer Adjustment Bureau accounts, a The Bureaus account, and inquires performed by Space Coast Credit Union, Advantage Credit, Synchrony Bank, Capital One, and OneMain.

19. Experian received Plaintiff's February 19, 2025 dispute and failed to timely conduct a reasonable investigation into the information disputed by Plaintiff, thereby allowing inaccurate and incomplete to persist on Plaintiff's credit report. As a result of Experian's failure to correct and/or otherwise remove the information disputed, Experian proceeded to disclose inaccurate and incomplete information to third-parties seeking information about or regarding Plaintiff's creditworthiness, whereby the inaccurate and incomplete information disclosed by Experian impacted the decision making of said third parties to the detriment of Plaintiff.

20. On April 25, 2025, Plaintiff send a written dispute to Experian regarding inaccurate and incomplete information listed on Plaintiff's credit report. In support of the dispute and its authenticity, Plaintiff included a copy of the ITR, a copy of the Police Report, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a utility bill. In addition to the information listed on the ITR and Police Report, Plaintiff further disputed an Eastern Collections account and a Cavalry account.

21. Experian received Plaintiff's April 25, 2025 dispute and failed to timely conduct a reasonable investigation into the information disputed by Plaintiff, thereby allowing inaccurate and incomplete to persist on Plaintiff's credit report. As a result of Experian's failure to correct and/or otherwise remove the information disputed, Experian proceeded to disclose inaccurate and incomplete information to third-parties seeking information about or regarding Plaintiff's creditworthiness, whereby the inaccurate and incomplete information disclosed by Experian impacted the decision making of said third parties to the detriment of Plaintiff.

22. On June 17, 2025, Plaintiff send a written dispute to Experian regarding inaccurate and incomplete information listed on Plaintiff's credit report. In support of the dispute and its authenticity, Plaintiff included a copy of the ITR, a copy of the Police Report, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a utility bill. In addition to the information listed on the ITR and Police Report, Plaintiff further disputed two (2) Midland accounts, an Eastern Collections account, and a Cavalry account.

23. Experian received Plaintiff's June 17, 2025 dispute and failed to timely conduct a reasonable investigation into the information disputed by Plaintiff, thereby allowing inaccurate and incomplete to persist on Plaintiff's credit report. As a result of Experian's failure to correct and/or otherwise remove the information disputed, Experian proceeded to disclose inaccurate and incomplete information to third-parties seeking information about or regarding Plaintiff's creditworthiness, whereby the inaccurate and incomplete information disclosed by Experian impacted the decision making of said third parties to the detriment of Plaintiff.

24. On August 11, 2025, Plaintiff send a written dispute to Experian regarding inaccurate and incomplete information listed on Plaintiff's credit report. In support of the dispute and its authenticity, Plaintiff included a copy of the ITR, a copy of the Police Report, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a utility bill. In addition to the information listed on the ITR and Police Report, Plaintiff further disputed two (2) Midland accounts.

25. Experian received Plaintiff's August 11, 2025 dispute and failed to timely conduct a reasonable investigation into the information disputed by Plaintiff, thereby allowing inaccurate and incomplete to persist on Plaintiff's credit report. As a result of Experian's failure to correct and/or otherwise remove the information disputed, Experian proceeded to disclose inaccurate and

incomplete information to third-parties seeking information about or regarding Plaintiff's creditworthiness, whereby the inaccurate and incomplete information disclosed by Experian impacted the decision making of said third parties to the detriment of Plaintiff.

26. Despite receiving Plaintiff's multiple disputes, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

27. Despite receiving Plaintiff's disputes, Experian continues to report the disputed information inaccurately.

28. Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

29. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

30. Experian failed to conduct a reasonable investigation into Plaintiff's disputes.

31. Experian failed to review and consider all relevant information submitted by Plaintiff.

32. Experian did not conduct any independent investigation after it (Experian) received each of Plaintiff's disputes and, instead, chose to parrot the information it (Experian) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

33. Experian possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Experian failed to correct the information.

34. Experian's reporting of inaccurate information, namely, the information repeatedly disputed by Plaintiff, despite evidence that said information is inaccurate, evidence Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

35. Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

36. Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

*EQUIFAX*

37. Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

38. Equifax regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

39. Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

40. On October 17, 2024, Plaintiff sent a written dispute to Equifax regarding inaccurate and incomplete information listed on Plaintiff's credit report. In support of the dispute and its authenticity, Plaintiff included a copy of the ITR, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a utility bill. In addition to disputing the information listed on the ITR, Plaintiff further disputed two (2) NelNet accounts, eight (8) inquiries performed by CitiBank, three (3) inquires performed by Citizens Bank, two (2) inquires performed by Truist, two (2) inquires performed by Advantage, an inquiry performed by OneMain, and an inquiry performed by Regions.

41.     Equifax received Plaintiff's October 17, 2024 dispute and failed to timely conduct a reasonable investigation into the information disputed by Plaintiff, thereby allowing inaccurate and incomplete to persist on Plaintiff's credit report. As a result of Equifax's failure to correct and/or otherwise remove the information disputed, Equifax proceeded to disclose inaccurate and incomplete information to third-parties seeking information about or regarding Plaintiff's creditworthiness, whereby the inaccurate and incomplete information disclosed by Equifax impacted the decision making of said third parties to the detriment of Plaintiff.

42.     On March 03, 2025, Plaintiff send a written dispute to Equifax regarding inaccurate and incomplete information listed on Plaintiff's credit report. In support of the dispute and its authenticity, Plaintiff included a copy of the ITR, a copy of the Police Report, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a utility bill. In addition to the information listed on the ITR and Police Report, Plaintiff further disputed an Amsher Collection account, a Portfolio Recovery account, two Consumer Adjustment Bureau accounts, and a The Bureaus account.

43.     Equifax received Plaintiff's March 03, 2025 dispute and failed to timely conduct a reasonable investigation into the information disputed by Plaintiff, thereby allowing inaccurate and incomplete to persist on Plaintiff's credit report. As a result of Equifax's failure to correct and/or otherwise remove the information disputed, Equifax proceeded to disclose inaccurate and incomplete information to third-parties seeking information about or regarding Plaintiff's creditworthiness, whereby the inaccurate and incomplete information disclosed by Equifax impacted the decision making of said third parties to the detriment of Plaintiff.

44.     On April 25, 2025, Plaintiff send a written dispute to Equifax regarding inaccurate and incomplete information listed on Plaintiff's credit report. In support of the dispute and its

authenticity, Plaintiff included a copy of the ITR, a copy of the Police Report, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a utility bill. In addition to the information listed on the ITR and Police Report, Plaintiff further disputed an Eastern Collections account and a Cavalry account, and a The Bureaus account.

45. Equifax received Plaintiff's April 25, 2025 dispute and failed to timely conduct a reasonable investigation into the information disputed by Plaintiff, thereby allowing inaccurate and incomplete to persist on Plaintiff's credit report. As a result of Equifax's failure to correct and/or otherwise remove the information disputed, Equifax proceeded to disclose inaccurate and incomplete information to third-parties seeking information about or regarding Plaintiff's creditworthiness, whereby the inaccurate and incomplete information disclosed by Equifax impacted the decision making of said third parties to the detriment of Plaintiff.

46. On June 17, 2025, Plaintiff send a written dispute to Equifax regarding inaccurate and incomplete information listed on Plaintiff's credit report. In support of the dispute and its authenticity, Plaintiff included a copy of the ITR, a copy of the Police Report, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a utility bill. In addition to the information listed on the ITR and Police Report, Plaintiff further disputed two (2) Midland accounts, an Eastern Collections account, a Cavalry account, and a The Bureaus account.

47. Equifax received Plaintiff's June 17, 2025 dispute and failed to timely conduct a reasonable investigation into the information disputed by Plaintiff, thereby allowing inaccurate and incomplete to persist on Plaintiff's credit report. As a result of Equifax's failure to correct and/or otherwise remove the information disputed, Equifax proceeded to disclose inaccurate and incomplete information to third-parties seeking information about or regarding Plaintiff's

creditworthiness, whereby the inaccurate and incomplete information disclosed by Equifax impacted the decision making of said third parties to the detriment of Plaintiff.

48.     On August 11, 2025, Plaintiff send a written dispute to Equifax regarding inaccurate and incomplete information listed on Plaintiff's credit report. In support of the dispute and its authenticity, Plaintiff included a copy of the ITR, a copy of the Police Report, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a utility bill. In addition to the information listed on the ITR and Police Report, Plaintiff further disputed two (2) Midland accounts.

49.     Equifax received Plaintiff's August 11, 2025 dispute and failed to timely conduct a reasonable investigation into the information disputed by Plaintiff, thereby allowing inaccurate and incomplete to persist on Plaintiff's credit report. As a result of Equifax's failure to correct and/or otherwise remove the information disputed, Equifax proceeded to disclose inaccurate and incomplete information to third-parties seeking information about or regarding Plaintiff's creditworthiness, whereby the inaccurate and incomplete information disclosed by Equifax impacted the decision making of said third parties to the detriment of Plaintiff.

50.     Despite receiving Plaintiff's multiple disputes, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

51.     Despite receiving Plaintiff's disputes, Equifax continues to report the disputed information inaccurately.

52.     Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

53. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

54. Equifax failed to conduct a reasonable investigation into Plaintiff's disputes.

55. Equifax failed to review and consider all relevant information submitted by Plaintiff.

56. Equifax did not conduct any independent investigation after it (Equifax) received each of Plaintiff's disputes and, instead, chose to parrot the information it (Equifax) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

57. Equifax possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Equifax failed to correct the information.

58. Equifax's reporting of inaccurate information, namely, the information repeatedly disputed by Plaintiff, despite evidence that said information is inaccurate, evidence Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

59. Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

60. Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

*TRANS UNION*

61. Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

62.     Trans Union regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

63.     Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

64.     On October 14, 2024, Plaintiff sent a written dispute to Trans Union regarding inaccurate and incomplete information listed on Plaintiff's credit report. In support of the dispute and its authenticity, Plaintiff included a copy of the ITR, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a utility bill. In addition to disputing the information listed on the ITR, Plaintiff further disputed three (3) inquires performed by Regions Bank, four (4) inquires performed by Synchrony Bank, three (3) inquires performed by Bank of America, two (2) inquires performed by JPMChase, two (2) inquires performed by  Advantage Credit, three (3) inquires performed by Capital One, and an inquiry performed by OneMain.

65.     Trans Union received Plaintiff's October 14, 2024 dispute and failed to timely conduct a reasonable investigation into the information disputed by Plaintiff, thereby allowing inaccurate and incomplete to persist on Plaintiff's credit report. As a result of Trans Union's failure to correct and/or otherwise remove the information disputed, Trans Union proceeded to disclose inaccurate and incomplete information to third-parties seeking information about or regarding Plaintiff's creditworthiness, whereby the inaccurate and incomplete information disclosed by Trans Union impacted the decision making of said third parties to the detriment of Plaintiff.

66.     On February 19, 2925, Plaintiff send a written dispute to Trans Union regarding inaccurate and incomplete information listed on Plaintiff's credit report. In support of the dispute and its authenticity, Plaintiff included a copy of the ITR, a copy of the Police Report, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a utility bill. In addition

to the information listed on the ITR and Police Report, Plaintiff further disputed an Amsher Collection account, a Portfolio Recovery account, two Consumer Adjustment Bureau accounts, and inquires performed by Regions Bank, Capital One, Synchrony Bank, JPMChase, and OneMain.

67.     Trans Union received Plaintiff's February 19, 2025 dispute and failed to timely conduct a reasonable investigation into the information disputed by Plaintiff, thereby allowing inaccurate and incomplete to persist on Plaintiff's credit report. As a result of Trans Union's failure to correct and/or otherwise remove the information disputed, Trans Union proceeded to disclose inaccurate and incomplete information to third-parties seeking information about or regarding Plaintiff's creditworthiness, whereby the inaccurate and incomplete information disclosed by Trans Union impacted the decision making of said third parties to the detriment of Plaintiff.

68.     On April 25, 2025, Plaintiff send a written dispute to Trans Union regarding inaccurate and incomplete information listed on Plaintiff's credit report. In support of the dispute and its authenticity, Plaintiff included a copy of the ITR, a copy of the Police Report, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a utility bill. In addition to the information listed on the ITR and Police Report, Plaintiff further disputed an Eastern Collections account and a Cavalry account.

69.     Trans Union received Plaintiff's April 25, 2025 dispute and failed to timely conduct a reasonable investigation into the information disputed by Plaintiff, thereby allowing inaccurate and incomplete to persist on Plaintiff's credit report. As a result of Trans Union's failure to correct and/or otherwise remove the information disputed, Trans Union proceeded to disclose inaccurate and incomplete information to third-parties seeking information about or regarding Plaintiff's

creditworthiness, whereby the inaccurate and incomplete information disclosed by Trans Union impacted the decision making of said third parties to the detriment of Plaintiff.

70.    On June 17, 2025, Plaintiff send a written dispute to Trans Union regarding inaccurate and incomplete information listed on Plaintiff's credit report. In support of the dispute and its authenticity, Plaintiff included a copy of the ITR, a copy of the Police Report, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a utility bill. In addition to the information listed on the ITR and Police Report, Plaintiff further disputed two (2) Midland accounts, an Eastern Collections account, and a Cavalry account.

71.    Trans Union received Plaintiff's June 17, 2025 dispute and failed to timely conduct a reasonable investigation into the information disputed by Plaintiff, thereby allowing inaccurate and incomplete to persist on Plaintiff's credit report. As a result of Trans Union's failure to correct and/or otherwise remove the information disputed, Trans Union proceeded to disclose inaccurate and incomplete information to third-parties seeking information about or regarding Plaintiff's creditworthiness, whereby the inaccurate and incomplete information disclosed by Trans Union impacted the decision making of said third parties to the detriment of Plaintiff.

72.    On August 11, 2025, Plaintiff send a written dispute to Trans Union regarding inaccurate and incomplete information listed on Plaintiff's credit report. In support of the dispute and its authenticity, Plaintiff included a copy of the ITR, a copy of the Police Report, a copy of Plaintiff's driver's license, a copy of Plaintiff's social security card, and a utility bill. In addition to the information listed on the ITR and Police Report, Plaintiff further disputed two (2) Midland accounts and a The Bureaus account.

73.    Trans Union received Plaintiff's August 11, 2025 dispute and failed to timely conduct a reasonable investigation into the information disputed by Plaintiff, thereby allowing

inaccurate and incomplete to persist on Plaintiff's credit report. As a result of Trans Union's failure to correct and/or otherwise remove the information disputed, Trans Union proceeded to disclose inaccurate and incomplete information to third-parties seeking information about or regarding Plaintiff's creditworthiness, whereby the inaccurate and incomplete information disclosed by Trans Union impacted the decision making of said third parties to the detriment of Plaintiff.

74. Despite receiving Plaintiff's multiple disputes, Trans Union failed to conduct any investigation into the accuracy of Plaintiff's credit report.

75. Despite receiving Plaintiff's disputes, Trans Union continues to report the disputed information inaccurately.

76. Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

77. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

78. Trans Union failed to conduct a reasonable investigation into Plaintiff's disputes.

79. Trans Union failed to review and consider all relevant information submitted by Plaintiff.

80. Trans Union did not conduct any independent investigation after it (Trans Union) received each of Plaintiff's disputes and, instead, chose to parrot the information it (Trans Union) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

81. Trans Union possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Trans Union failed to correct the information.

82. Trans Union's reporting of inaccurate information, namely, the information repeatedly disputed by Plaintiff, despite evidence that said information is inaccurate, evidence Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

83. Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

84. Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

### COUNT 1
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT
### VIOLATION OF 15 U.S.C. § 1681e(b)
(*against Experian*)

85. Plaintiff incorporates by reference ¶¶ 8-12, 13-36 of this Complaint.

86. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

87. Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

88. Experian further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

89.    Experian further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

90.    Experian's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

91.    Experian willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Experian had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

92.    In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

93.    The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Experian, was the direct and proximate result of Experian's willful and/or reckless, or alternatively negligent, failure to maintain reasonable

procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

94.     The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

95.     In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

96.     Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

97.     As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

98.     WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681i
(*against Experian*)

99.     Plaintiff incorporates by reference ¶¶ 8-12, 13-36 of this Complaint.

100.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

101.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

102.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

103.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(b) by failing to record in Plaintiff's credit file the dispute statement contained in the correspondence sent to Experian on or about #Matter.Dispute Dates#.

104.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

105.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(c) by failing to include Plaintiff's dispute statement with, or otherwise alongside, the information disputed by Plaintiff about #Matter.Dispute Dates#.

106.    Experian further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

107. Experian further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in Plaintiff's credit report.

108. Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Experian had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Experian had reason to believe was inaccurate; [i] failing to record Plaintiff's dispute statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

109. In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, failing to properly include Plaintiff's dispute statement in Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

110. The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

111.   In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

112.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

113.   As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

114.   WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT
### VIOLATION OF 15 U.S.C. § 1681c-2(a)
(*against Experian*)

115.   Plaintiff incorporates by reference ¶¶ 8-12, 13-36 of this Complaint.

116.   On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681c-2(a) by failing to block the reporting of the Subject Information identified by Plaintiff as resulting from identity theft, despite receiving a copy of the ITR and the Police Report from Plaintiff.

117. Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681c-2(a) by refusing to block the Subject Information related to identity theft within four business days of receiving Plaintiff's requests and supporting documentation, despite clear evidence that the information resulted from identity theft.

118. In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681c-2(a) by failing to exercise reasonable care in processing Plaintiff's requests to block identity theft-related information and failing to block such information as required.

119. The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

120. In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

121. Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

122. As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and resources in addressing the continued reporting of identity theft-related information.

123. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]

punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 4**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681e(b)**
(*against Equifax*)

124.    Plaintiff incorporates by reference ¶¶ 8-12, 37-60 of this Complaint.

125.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

126.    Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

127.    Equifax further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

128.    Equifax further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

129.    Equifax's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

130.    Equifax willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the

information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

131. In the alternative, Equifax negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

132. The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Equifax, was the direct and proximate result of Equifax's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

133. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

134.    In the alternative, the conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

135.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

136.    As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

137.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT
## VIOLATION OF 15 U.S.C. § 1681i
(*against Equifax*)

138.    Plaintiff incorporates by reference ¶¶ 8-12, 37-60 of this Complaint.

139.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

140.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

141.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

142.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(b) by failing to record in Plaintiff's credit file the dispute statement contained in the correspondence sent to Equifax on or about #Matter.Dispute Dates#.

143.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

144.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(c) by failing to include Plaintiff's dispute statement with, or otherwise alongside, the information disputed by Plaintiff about #Matter.Dispute Dates#.

145.    Equifax further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

146.    Equifax further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in Plaintiff's credit report.

147.    Equifax willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or

unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Equifax had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Equifax had reason to believe was inaccurate; [i] failing to record Plaintiff's dispute statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

148.    In the alternative, Equifax negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, failing to properly include Plaintiff's dispute statement in Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

149.    The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

150.    In the alternative, the conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

151.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

152.     As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

153.     WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 6**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681c-2(a)**
(*against Equifax*)

154.     Plaintiff incorporates by reference ¶¶ 8-12, 37-60 of this Complaint.

155.     On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681c-2(a) by failing to block the reporting of the Subject Information identified by Plaintiff as resulting from identity theft, despite receiving a copy of the ITR and the Police Report from Plaintiff.

156.     Equifax willfully and/or recklessly failed to comply with 15 U.S.C. § 1681c-2(a) by refusing to block the Subject Information related to identity theft within four business days of receiving Plaintiff's requests and supporting documentation, despite clear evidence that the information resulted from identity theft.

157. In the alternative, Equifax negligently failed to comply with 15 U.S.C. § 1681c-2(a) by failing to exercise reasonable care in processing Plaintiff's requests to block identity theft-related information and failing to block such information as required.

158. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

159. In the alternative, the conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

160. Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

161. As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and resources in addressing the continued reporting of identity theft-related information.

162. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

163. Plaintiff incorporates by reference ¶¶ 8-12, 13-36 of this Complaint.

**COUNT 7**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681e(b)**
(*against Trans Union*)

164. Plaintiff incorporates by reference ¶¶ 8-12, 61-84 of this Complaint.

165. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

166. Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

167. Trans Union further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

168. Trans Union further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

169. Trans Union's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

170. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately

investigate information which Trans Union had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

171.    In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

172.    The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Trans Union, was the direct and proximate result of Trans Union's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

173.    The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

174.    In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

175.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

176.   As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

177.   WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 8**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681i**
(*against Trans Union*)

178.   Plaintiff incorporates by reference ¶¶ 8-12, 61-84 of this Complaint.

179.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

180.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

181.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

182.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(b) by failing to record in Plaintiff's credit file the dispute statement contained in the correspondence sent to Trans Union on or about #Matter.Dispute Dates#.

183.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

184.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to include Plaintiff's dispute statement with, or otherwise alongside, the information disputed by Plaintiff about #Matter.Dispute Dates#.

185.   Trans Union further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

186.   Trans Union further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in Plaintiff's credit report.

187.   Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy

of the information; [e] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate; [i] failing to record Plaintiff's dispute statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

188.    In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, failing to properly include Plaintiff's dispute statement in Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

189.    The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

190.    In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

191.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

192.     As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

193.     WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 9
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT
### VIOLATION OF 15 U.S.C. § 1681c-2(a)
(*against Trans Union*)

194.     Plaintiff incorporates by reference ¶¶ 8-12, 61-84 of this Complaint.

195.     On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681c-2(a) by failing to block the reporting of the Subject Information identified by Plaintiff as resulting from identity theft, despite receiving a copy of the ITR and the Police Report from Plaintiff.

196.     Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681c-2(a) by refusing to block the Subject Information related to identity theft within four business days of receiving Plaintiff's requests and supporting documentation, despite clear evidence that the information resulted from identity theft.

197.    In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681c-2(a) by failing to exercise reasonable care in processing Plaintiff's requests to block identity theft-related information and failing to block such information as required.

198.    The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

199.    In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

200.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

201.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and resources in addressing the continued reporting of identity theft-related information.

202.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3)

and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

DATED: June 22, 2026

_/s/ Talal Rashid_____

**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail:    Talal@pzlg.legal
**NATALIE STAROSCHAK, ESQ.**
Florida Bar No. 116745
E-mail:    Natalie@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:    305-332-6201

*COUNSEL FOR PLAINTIFF*